GREENBERG, Circuit Judge,
concurring.
I concur with and for the most part join in Judge Greenaway, Jr.’s, well-crafted opinion, which concludes that appellant Booker is entitled to a reversal of his convictions and that there should be a new trial on all three counts of the indictment in which he was charged and for which he was convicted. In a merits disposition, however, I would limit my agreement to a reversal of the conviction on Count Five, the only count on which Booker asserts on this appeal that the District Court erred in describing the range of punishments to which he would be subject if convicted. But I nevertheless substantially join in the opinion and agree to a judgment granting Booker a new trial on all three counts because the government conceded at oral argument that if we found in favor of Booker by reason of the District Court’s error in advising him of the penalties on Count Five he would be entitled to a new trial on the entire ease.[1]
I believe that in a merits determination notwithstanding the error on the Count Five waiver proceedings the correct result would be that Booker is not entitled to a new trial on Counts One and Four for the following reasons. I start my analysis by pointing out that the District Court correctly told Booker that he faced a custodial sentence on Count One of five years and the Court sentenced him to that term on that count. Thus, Booker cannot make a meritorious complaint regarding either the proceedings that allowed him to waive counsel or challenging the length of the sentence on that count.[2] In reaching this *430 conclusion, I recognize that if he had counsel at trial the counsel would have represented him on the entire case, but the crucial point is that he was willing to waive counsel on Count One and consequently he should not be heard to complain that he was unrepresented on that count as he knew the sentence he faced if convicted on that count. If we granted him a new trial in a merits determination on Count One by reason of the error in the waiver of counsel proceeding on Count V, we would be awarding him an unjustified collateral benefit from our finding of that error. In short, I see no reason to hold that we should recognize a spill-over effect of the error on Count Five infecting the proceedings leading to the conviction on Count One.
The legal situation with respect to Count Four is more complex than the circumstances surrounding Count One. When Booker sought to waive his right to counsel the Court told him that the maximum custodial term for a conviction on that count was 20 years whereas under 18 U.S.C. § 2113(d) it actually was 25 years. The Court compounded the error when it sentenced Booker to a 262-month term on the conviction on that count to run concurrently with the sentence on Count One, a period exceeding by 22 months the maximum term that the Court told him it could impose if he was convicted on Count Four. Yet for reasons that are not evident to me Booker does not seek a reversal because of the incorrect advice the Court gave him with respect to the maximum term on Count Four.[3]
When we craft an appropriate remedy for the Count IV error I think that United States v. Moskovits, 86 F.3d 1303 (3d Cir.1996), should guide us. In Moskovits, the defendant, who was represented by counsel, was convicted at a jury trial and sentenced to a 15-year custodial term. Subsequently, the district court granted the defendant a new trial on his 28 U.S.C. § 2255 motion on the ground that his trial counsel had been ineffective. At the time the court granted the defendant the new trial it also granted his request that he be permitted to represent himself at that trial. But when the court advised the defendant of the perils of waiving counsel it did not include information setting forth the range of punishments he faced if convicted at a new trial. The defendant did represent himself at the new trial and he was convicted and sentenced to a 20-year term.
On the defendant’s appeal we held that there had been error in the waiver of counsel proceeding because the district court did not advise the defendant of the sentence he faced if convicted at the retrial. Yet we did not direct that he be granted a new trial as we held that “the appropriate remedy for the deprivation is to affirm the conviction but impose a fifteen-year ceiling on [his] sentence.” Moskovits, 86 F.3d at 1309. In reaching our conclusion we pointed out that the court already had sentenced the defendant to a 15-year term on the offense for which he was convicted and, accordingly, the defendant was aware before the retrial that the court could impose that sentence if he was convicted again. In light of our holding in Moskovits, I conclude that in the absence of the government’s concession Booker would not be entitled to a new trial on Count Four.[4] Rather, he would be enti *431 tied to be resentenced on Count Four to a sentence with a 20-year ceiling, the term that the Court said could be imposed when Booker waived his right to counsel on that count. As with Count I in a merits determination we should not recognize a spillover effect infecting the proceedings on Count Four.[5]
Finally, what seems to me would be the correct result on a merits disposition here is consistent with the Supreme Court’s opinion in United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 667-68, 66 L.Ed.2d 564 (1981), where the Court indicated that “[cjases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.” Though it is true that the Court also said that the correct approach has been “to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial,” id. at 365, 101 S.Ct. at 668, the overarching principle in Morrison regarding “tailored” remedies is applicable here. In Moskovits, we thought that Morrison should be followed when we crafted our remedy and it seems to me that the correct result on a merits determination would be to follow the Moskovits model here.[6]

. In its brief the government implicitly made the same concession as it did not suggest that we should affirm the convictions on the other two counts even if we held that there was reversible error with respect to the waiver of counsel on Count Five. I also observe that Judge Greenaway, Jr.'s opinion indicates that because “Booker’s waiver of counsel was not voluntary and knowing” it was a structural error and “the right to counsel impacts all of the charges considered at trial.” Consequently, the opinion remands the case for a new trial on all counts. I certainly agree that the waiver of counsel had an impact on Booker’s defense on all three counts but, for the reasons that I will explain, I nevertheless do not agree that Booker is entitled to a new trial on Counts One and Four.

. I limit my comments with respect to the length of the sentence to the waiver of counsel proceedings. I am not addressing other bases for possible challenges to the sentence.

. Inasmuch as we are granting Booker a new trial on all three counts he has not suffered any prejudice from the circumstance that his attorney did not raise the Count Four issue on this appeal.

. An equivalent remedy cannot be applied as relief for the error on Count Five because the custodial sentence of five years that the District Court told Booker could be imposed on that count was illegal as by statute a manda *431 tory minimum sentence of 25 years to run consecutively to the other sentences being imposed was required for a conviction on that count. We hardly can direct the Court to impose an illegal sentence.

. A person reading my opinion might wonder why I have written it in view of the fact that I am joining in the result of the majority opinion, which grants Booker a retrial on all three counts of conviction. The explanation is not complex. The government concedes that if the waiver of counsel is held to be invalid on Count V, Booker will be entitled to a new trial on all three counts and for that reason I agree to granting that relief.

. In Morrison, the Supreme Court assumed that the government’s wrongful conduct in approaching the defendant violated the defendant’s Sixth Amendment right to counsel but nevertheless it affirmed her conviction because the conduct did not prejudice her. Similarly the proceedings on Count Five did not prejudice Booker on the waiver proceedings on either Count One or Count Four and thus should not lead to a reversal of Booker's conviction on those counts. The possibility that Booker suffered prejudice at the trial because he did not have counsel on Counts One and Four is immaterial as the Court warned him of that possibility when he waived counsel. Thus, when he waived counsel he took the chance that he wquld prejudice his defense on Counts One and Four.